[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter deals with three post judgment motions filed by the defendant on December 10, 2001.
In her motions, the defendant seeks a modification to increase the amount of the periodic alimony payments which she receives from the plaintiff, a modification concerning terms of visitation, and a finding of contempt against the plaintiff for his alleged failure to pay alimony on CT Page 5669 a timely basis, and to alternate holiday visitation.
The following procedural history is relevant to the court's determination of these motions.
The parties' marriage was dissolved by order of the court (Devine, J.) on April 20, 1999. The judgment of dissolution incorporated by reference a written agreement which the parties executed and submitted to the court on April 20, 1999.
The judgment provided that the parties would share joint legal custody of the three minor children. The children's physical residence was to be with the plaintiff father. The judgment ordered that commencing August 1, 1999, the defendant was to pay child support to the plaintiff "in accordance with the Child Support Guidelines." (On July 21, 1999, the court determined that the defendant had an earning capacity of $240.00 per week, and ordered her to pay child support to the plaintiff in the amount of $72.00 per week.)
The dissolution judgment also provided that the plaintiff was to pay periodic alimony to the defendant in the amount of $250.00 per week.
Since the date of dissolution, the children have resided primarily with the plaintiff.
On May 16, 2001, the Court (Prestley, J.), conducted a hearing on a motion filed by the plaintiff to terminate or reduce the amount of his weekly alimony payments to the defendant. At that hearing, Judge Prestley found that the defendant was cohabitating with another person, and reduced the amount of the plaintiff's weekly alimony payment to the defendant from $250.00 to $50.00 per week.
On June 18, 2001, the defendant filed a motion to modify the judgment in which she sought to increase the amount of her weekly alimony payment above $50, and to decrease or terminate the weekly child support payment of $72.00 which she was obligated to pay to the plaintiff.
Judge Prestley conducted a hearing on that motion on July 25, 2001. At the conclusion of that hearing, Judge Prestley terminated the defendant's obligation to pay child support to the plaintiff. Judge Prestley also denied the defendant's motion for an increase of alimony.
FACTUAL FINDINGS
Evidence introduced at hearing established that the defendant receives benefits from the federal government for a disability. The amount of the CT Page 5670 defendant's weekly disability payment from social security is now $191.50. The defendant apparently applied for these social security benefits prior to the dissolution of her marriage, and began receiving payments in June 1999.
Earlier in 1999, the defendant had been admitted to a federally funded job retraining program. The defendant successfully completed that program, which has a high success rate in placing its graduates, in May 1999. The defendant received her certificate of completion from the job training program shortly before she started receiving social security disability benefits. Despite her completion of the job retraining program, the defendant has not been employed since she began receiving the disability payments in 1999.
Based on the credible evidence presented to this court and the court's record, it is. evident that Judge Prestley was aware that the defendant was not working, and was receiving social security disability payments on May 16, 2001. The financial affidavit which the defendant submitted to the court on that date indicated that the defendant was "unemployed." The defendant's affidavit also recited that she then received $186.00 per week from her disability payments, and $250.00 from the plaintiff as weekly periodic alimony.
Despite the foregoing, Judge Prestley reduced the amount of the defendant's periodic alimony on May 16 from $250.00 to $50.00 per week.
Approximately two months later, at the July 25, 2001 hearing, Judge Prestley denied the defendant's motion to increase alimony. A transcript of that hearing was introduced into evidence during this proceeding (Plaintiff's Exhibit 1). The transcript reflects that the defendant told Judge Prestley on that date that she was no longer living with another person (Plaintiff's Exhibit 1, pp. 7, 8) The transcript also indicates that the court was aware on July 25 that the defendant was still on disability and not working (Plaintiff's Exhibit 1, p. 15) The defendant's July 25, 2001 financial affidavit also indicated that she was not employed and was receiving disability benefits.
At the July 25, 2001 hearing, Judge Prestley terminated the defendant's obligation to pay $72.00 per week as child support to the plaintiff. However, the judge denied the defendant's motion to increase her alimony above $50.00 per week. When she did so, Judge Prestley told the defendant that ". . . the court is fully expecting you to get yourself a job." (Plaintiff's Exhibit 1, p. 15)
 DISCUSSION
CT Page 5671
In considering the defendant's present motion to increase alimony, the court must determine whether or not there has been a substantial change in the parties' financial circumstances since the date when the alimony award was last modified.
The evidence presented at this hearing established that the defendant is still receiving social security disability benefits and is still unemployed. The court finds that despite the earlier admonition of Judge Prestley, the defendant has not undertaken a diligent effort to obtain employment during the past nine months.
Based on credible evidence concerning the defendant's completion of the job training program in 1999 and certain activities in which the defendant currently engages, the court is not persuaded that the defendant is medically incapable of obtaining some form of employment.
During the past year, the defendant has expended in excess of $23,000.00 from a tax deferred individual retirement account for her personal expenses.
Although some of these monies were expended for housing costs and an automobile, the defendant also used her IRA funds to purchase a jewelry item and to pay for her vacations to Florida and Mexico.
The defendant's May 16, 2001 financial affidavit listed expenses of $513.00 per week and income of $513.00 per week.
The defendant's July 25, 2001 financial affidavit listed weekly income of $187.00 and total expenses of $255.00 per week.
The defendant's most recent financial affidavit (filed on February 11, 2002), indicates that she receives weekly income from all sources of $276.50, and has weekly expenses of $834.00.
The court finds that the amount which the defendant listed for weekly expenses on that affidavit is inaccurate. The defendant admitted that she mistakenly indicated her rent is $294.00 per week. In fact, the defendant's rent is $294.00 per month, which would equate to a weekly rental expense of $68.37. Additionally, the defendant's current financial affidavit reflects a weekly payment of $284.00 to the U.S. Internal Revenue Service. While it is likely that the defendant has incurred a tax obligation by using money from her tax deferred IRA account, the court finds that the weekly figure of $248.00 is inaccurate. The defendant's 2001 tax return (defendant's Exhibit A) reflects a total IRA distribution of $23,699.00 in the year 2001. That same return also indicates that the defendant owed $2,871.00 to the Internal Revenue Service for taxes during CT Page 5672 2001. Furthermore, the defendant testified at hearing that she did not pay any taxes during 2001, or in 2002 prior to the date when she filed the financial affidavit. In dividing $2,871.00 by 52 weeks, the defendant's weekly payment on her federal tax obligation for 2001 would be $55.21, exclusive of interest or penalties.
Having made adjustments for the foregoing errors in the defendant's affidavit, the court finds that the defendant's weekly expenses are approximately $415.58. She receives present income of $276.50 leaving a weekly shortfall of approximately $138.50.
As noted above, the defendant's May 16, 2001 financial affidavit indicated that her expenses equaled her weekly income. The financial affidavit which the defendant submitted on July 25, 2001 reflected income of $187.00 and expenses of $255.00 for a total shortage of $68.00 per week.
The defendant's present weekly shortfall is $138.00, or $70.50 more per week than it was last July. The court does not find, however, that this constitutes a substantial change in the circumstances of the defendant. The defendant has not made concerted efforts to obtain employment despite the earlier admonition from the court, and despite the defendant's indication that she would do so. Furthermore, when the defendant's last motion to modify alimony was denied, the court relieved her from the obligation to pay $72.00 per week as child support to the plaintiff.
Based upon all of the foregoing the court does not find a substantial change in circumstances. The defendant's motion to modify the judgment to increase the amount of her alimony payment is therefore DENIED.
In her contempt motion, the defendant claimed that the plaintiff had failed to alternate holidays as ordered in the dissolution judgment. As this court noted at hearing, the custody and visitation provisions of the dissolution judgment did not address holiday visitation. Accordingly, there is no court order requiring the parties to alternate holiday visitation. Additionally, the evidence at hearing did not establish that an isolated incident of late alimony payment by the plaintiff was a wilful violation of the court's order. The court finds that the defendant has not proven by clear and convincing evidence that the plaintiff is in contempt. The defendant's motion for a finding of contempt is thereforeDENIED.
The defendant's third motion sought to prohibit the parties' fourteen year old son from spending time with a non-family member. There was very little evidence pertaining to this motion at hearing. The court finds that the defendant did not prove by a preponderance of the evidence that CT Page 5673 the relief requested is currently necessary or in the best interest of the minor child. Accordingly, that motion is also DENIED.
SO ORDERED.
BY THE COURT
 _____________ Dyer, J.